HILLMAN, A MINOR, APPELLEE, *v.* THE SERVICE PACKING CO., APPELLANT.

(Decided October 21, 1940.)

*Messrs. Carpenter & Freeman,* for appellee.
*Messrs. Young & Young,* for appellant.

OVERMYER, J. Appellee, Joseph Hillman, a minor, brought an action by his next friend and recovered a verdict and judgment in the Common Pleas Court against The Service Packing Company, a corporation of Cleveland, Ohio, for injuries claimed to have been suffered as a result of a collision between an automobile in which Hillman was a passenger, and one owned by the appellant, The Service Packing Company, which latter automobile was, at the time, being operated by a Mr. Cohen, of Cleveland, president of that company.

This appeal seeks a reversal of the judgment upon assigned errors relating to failure of the court to sustain motions, seasonably made, for a directed verdict; the rejection of evidence; error in the charge; and the weight of the evidence on various questions, particularly on the question as to the status of Cohen as the alleged agent of The Service Packing Company at the time of the collision.

On November 8, 1939, plaintiff and a companion named Steiber were returning in Steiber's automobile from a hunting trip in this county, driving westerly after dark, on route 20, a three-lane highway, toward the Hillman home where Steiber had been invited to eat supper with Hillman. The Hillman home was on the south side of the highway and the Steiber car was traveling in the north lane of the three-lane highway. Upon reaching the Hillman home, Steiber turned to the left off the north lane, into the middle and perhaps a part of the south lane, to enter the driveway on the west side of the Hillman house. Cohen, also coming from the east on the same road at the same time and traveling from 50 to 55 miles per hour, was about to pass the Steiber car, which had, before turning, slowed down preparatory to making the turn, without the driver giving any signal of his intention to turn. Cohen, having turned to his right to avoid striking the Steiber car more squarely, struck the rear of the Steiber car.

The question of Cohen's status with relation to the appellant company being the primary question here involved, we shall review the facts appearing in the record on that question.

The Service Packing Company owned the automobile which Cohen was driving, and both Cohen and his wife apparently had free use of it on purely personal business. It was also used on corporate business, which was the jobbing of meat products. Mr. Cohen, Mr. Silverberg, also of Cleveland, vice-president of the defendant company, and a Mr. Himmelfarb, of Fostoria, Ohio, had, in the early fall of 1939, formed a corporation known as The Wood County Packing Company, which purchased and took title to a packing plant at Fostoria, Ohio, beginning operations in late October of 1939.

Mr. Cohen thereupon went to Fostoria and from that time up to the date of the occurrence here involved, i. e., November 8, 1939, devoted his entire time to the new corporation at Fostoria and later moved his family there. The money with which the Fostoria plant was purchased and operated was furnished by the incorporators. The officers of the defendant company deny, and there is no evidence to prove, that any funds of the defendant company were used in the purchase or operation of the new company at Fostoria, nor does it own any stock in the new company. It is denied, and there is no evidence to prove, that the defendant company had any interest in the new company, other than as a customer for some of its products along with many other customers.

In the new company, Mr. Cohen owned 51 per cent of the stock, Mr. Himmelfarb 33 per cent and Mr. Silverberg 16 per cent. In the defendant company Mr. Silverberg owned 20 per cent of the stock and Mr. Cohen 80 per cent, less one qualifying share to a director.

On the day before the collision involved here, Mr. Cohen drove from Fostoria to Cleveland in response to a call from his wife that their child was ill. Other than a visit to a barber shop he remained in his home until he left toward evening of the next day for his return to Fostoria. He denies that he was using the car to transact any business for the defendant, The Service Packing Company, during the time he was in Cleveland or on the return trip to Fostoria when the collision occurred, and there is no evidence that he did.

There is no evidence in the record of any character to show, or to raise an inference, that on the occasion in question Cohen was on any errand or business connected with the defendant, The Service Packing Company of Cleveland, unless, from the mere fact of its ownership of the car and that Cohen was president of the company an inference arises that he was on that company's business.

Plaintiff contends in his brief that an inference did so arise and, moreover, that "the agency of Cohen is clearly established from the simple facts that The Service Company was the owner of the automobile and George H. Cohen, the operator thereof, was the president of The Service Company."

However, plaintiff then qualifies this statement and claims that the other circumstances shown, *viz.*, Cohen's ownership of stock in the Fostoria company, both companies having practically the same officers, and The Service Company being a customer of the Fostoria company, were evidence sufficient to carry the question of agency to the jury, but no authorities are cited on this proposition.

The evidence is undisputed that Mr. Cohen had full authority from the corporation to use the car on his private business and did so repeatedly, as did his wife. His trip from Fostoria to Cleveland and return, on

the occasion in question, was a purely personal one, and there is no evidence to show otherwise. Neither express nor implied authority is shown, creating a liability on the part of the defendant corporation for any tort resulting from Cohen's driving of the car on the occasion involved here.

From a number of authorities that might be cited, we select a few: 1 Ohio Jurisprudence, 663, 739, 819, Sections 28, 68, 110; 26 Ohio Jurisprudence, 638, Section 618; *White Oak Coal Co.* v. *Rivoux Admx.*, 88 Ohio St., 18, 102 N. E., 302; *Bretzfelder* v. *Demaree,* 102 Ohio St., 105, 111, 130 N. E., 505; 10 Ohio Jurisprudence, 744, Section 548; *Higbee Co.* v. *Jackson,* 101 Ohio St., 75, 79, 128 N. E., 61, 14 A. L. R., 131.

The trial court was in error in overruling the motion of appellant at the close of the evidence for a directed verdict. The judgment will be reversed and final judgment entered for appellant.

*Judgment reversed and final judgment for appellant.*

Lloyd, J., concurs.
Carpenter, J., not participating.